Moore, Circuit Judge,
dissenting.
The majority holds that the Patent Trial and Appeal Board’s (“Board”) findings regarding the scope and content of the prior art are not supported by substantial evidence and reverses the Board’s obviousness determination as to every disputed claim. I would affirm the Board’s rejection of claims 1-8 and 12-33, but would reverse on claim 9.
I. Claim 1
Respectfully, substantial evidence supports the Board’s finding that Cook and Saarinen disclose the disputed limitations of claim 1.
The majority opinion concludes that there is not substantial evidence to support the Board’s finding that Cook discloses an “icon” and “a corresponding list of information.” See Majority Op. at 6-10. This implicates two of the three limitations disputed by Lemay:
displaying, on the touch screen display of the portable electronic device, a plurality of icons corresponding to at least some of the plurality of lists of information about online video items;
[[Image here]]
in response to detecting & finger gesture on a respective icon in the plurality of icons, displaying, on the touch screen display of the portable electronic device, a corresponding list of information about online video items.
J.A. 15-16 (emphases added).
For the first limitation, “a plurality of icons corresponding to at least some of the plurality of lists of information,” the examiner cited Cook’s disclosure at column 6 lines 33-39, which describes a search result display depicted in Figure 3B of Cook. J.A. 626. For the second limitation, displaying “a corresponding list of information” after detecting “a finger gesture on a respective icon in the plurality of icons,” the examiner cited a different portion of Cook at column 8 lines 37-49, which describes the branded player depicted in Figure 5 of Cook. J.A. 627.
The majority states, and I agree, that “a plurality of icons” recited in the first limitation provides antecedent basis for and thus must be the same as “the plurality of icons” recited in the second limitation. Majority Op. at 9-10. And I do not read the PTO’s brief to dispute this issue. What the PTO does argue is that the first limitation’s “plurality of lists of information” does not provide antecedent basis for “a corresponding list of information.” Appel-lee’s Br. 29-30.1 agree and therefore cannot join the majority’s opinion holding that the Board’s findings are not supported by substantial evidence because the Board relies on “different lists” disclosed in Cook to satisfy each limitation. See Majority Op. at 10.
The first limitation recites “at least some of the plurality of lists of information *929 about online video items.” The second limitation recites “a corresponding list of information about online video items.” I cannot agree with the majority that these must be the same lists of information for three reasons. First, there is no antecedent basis to support limiting “a corresponding list” to one of the “plurality of lists.” Second, the limitations themselves use different words to describe the two different lists of information. See CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG, 224 F.3d 1308, 1317 (Fed. Cir. 2000) (holding there is a presumption that when different words are used to describe different elements they have different meanings). That both limitations refer to lists of information “about online video items” does not mean the limitations are referring to the same lists. Finally, during prosecution, the PTO gives terms their broadest reasonable construction. Viewing these terms under the broadest reasonable interpretation, I cannot say that “a corresponding list” must be identical to “the plurality of lists.”
In short, the claim’s “plurality of lists of information about online video items” is a different element from the same claim’s “a corresponding list of information about online video items.” The majority errs when it requires them to be “the same list.” Majority Op. at 10. Understanding claim 1 in this way, I would hold there is substantial- evidence to support the examiner’s finding, adopted by the Board, that these limitations are disclosed in Cook. See J.A. 626-27.
For similar reasons, I would also hold that substantial evidence supports the Board’s finding that the third limitation, “a first list of information about online video items in a plurality of lists of information about online video items,” is disclosed in Cook. Under the broadest reasonable interpretation, I think the majority is again mistaken in requiring that “a first list of information” look the same as “a plurality of lists of information.”
II. Claim 9
While I disagree with the majority regarding claim 1, which is representative of claims 2-8 and 12—33, I would not affirm the Board on claim 9. Claim 9 recites “a configuration icon that when activated initiates the display of a user interface for configuring which icons ... are displayed with the first list of information.” J.A. 17. In its rejection, the examiner cited Cook at column 8 lines 37-60, which describes Cook’s branded player depicted in Figure 5 and a “call-to-action” function. J.A. 629. The Board adopted the examiner’s finding that “Cook describes editing operations for a playlist, as well as a function with an interface that directs the user to take actions.” J.A. 8. The portion of Cook disclosing customizing playlists does not involve customizing or configuring the display of icons in any way. See J.A. 875 (Cook at 8:37-49). Even if the “call-to-action” function could be interpreted to reconfigure the display of media product icons, as the PTO argues, Appellee’s Br. 54-55, this function occurs within the branded player, apart from the “icons ... displayed with the first list of information.” See J.A. 869 (Cook at Fig. 5); 875 (Cook at 8:50-60). Because the Board’s finding that Cook discloses claim 9’s “a configuration icon that when activated initiates the display of a user interface for configuring [ ] icons” is not supported by substantial evidence, I would reverse the Board’s decision that claim 9 would have been obvious over Cook.